1  KAREN P. HEWITT
   United States Attorney
2  JEFFREY D. MOORE
   Assistant U.S. Attorney
3  California State Bar No. 240595
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-7171
   Email: Jeffrey.Moore@usdoj.gov
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,  )    CRIMINAL CASE NO. 08cr1636 BEN
                               )
11              Plaintiff,     )    Honorable Roger T. Benitez
                               )    Courtroom 3
12                             )    Date: June 30, 2008
                               )    Time: 2:00 p.m.
13         v.                  )
                               )    UNITED STATES' RESPONSE AND OPPOSITION TO
14  OCTAVIO MORENO-REYNA,      )    DEFENDANT'S MOTIONS:
                               )
15                             )    (1)    TO PRODUCE DISCOVERY;
                               )    (2)    DISMISS INDICTMENT BASED ON THE
16              Defendant.     )           MISINSTRUCTION OF THE GRAND JURY
                               )    (3)    FOR LEAVE TO FILE FURTHER MOTIONS;
17                             )
                               )    TOGETHER WITH STATEMENT OF FACTS,
18                             )    MEMORANDUM OF POINTS AND AUTHORITIES,
                               )    AND THE UNITED STATES' MOTION FOR
19  _____)    RECIPROCAL DISCOVERY.

20

21         COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P.

22  Hewitt, United States Attorney, and Jeffrey D. Moore, Assistant United States Attorney, and  hereby

23  files its Response and Opposition to defendant's above-referenced motions and files its Motion for

24  Reciprocal Discovery.  This response is based upon the files and records of this case.

25  //

26  //

27  //

28  //

# I

## STATEMENT OF THE CASE

On May 21, 2008, a grand jury returned a two-count indictment charging Octavio Moreno-Reyna ("defendant") with Importation of Heroin and Possession of Heroin with the Intent to Distribute, in violation of Title 21 U.S.C. §§ 952 and 960, and 841(a)(1).  On May 22, 2008, defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

On or about May 7, 2008, defendant entered the United States from Mexicali, Baja California, Mexico, through the pedestrian area of the Calexico West Port of Entry.[1]  Around 7:45 am, defendant applied for entry in lane 3 and was questioned by Customs and Border Protection Officer Tarin.  Defendant provided a negative customs declaration and handed Officer Tarin a birth certificate and California driver's license.  At this time, defendant was referred to secondary inspection as part of a Random Enforcement Operation, called a "block blitz."

During secondary inspection, Officer Hernandez conducted a pat down search of defendant. As part of the search, defendant took off his shoes.  Officer Hernandez thought that the shoes were heavier than normal and inspected them further.  After further inspection, a package wrapped in brown tape was found in each of defendant's shoes.  Officer Hernandez opened one of the packages and saw a black tar substance.  The substance field tested positive for heroin.  In all, .58 kg (1.27 lbs) of heroin was recovered from defendant's shoes.

Defendant was arrested and Mirandized.  Defendant waived his rights and gave relatively extensive statement as indicated in the defense motion.  During his statement, defendant admitted knowledge of an illegal substance in his shoes and that he was to transport it across the border.

//

//

//

//

---

[1]     Statement of Facts taken from the investigative reports relating to the instant case.

08CR1636 BEN

### III

### DEFENDANT'S DISCOVERY MOTIONS

**A.     Motion To Compel**

To date, the Government has produced 68 pages of discovery to defendant.  This discovery includes the reports of the arresting agents, conviction documents, and defendant's criminal history rap sheets.  In addition, 1 audio CD has been discovered to defendant.

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward.  To date, the Government has received no reciprocal discovery.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware.  An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses in its trial memorandum.  The grand jury transcript of any person who will testify at trial will also be produced.

The United States has provided information within its possession or control pertaining to the prior criminal history of defendant.  If the Government  intends to offer any evidence under Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to defendant.  The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

In sum, the Government has already produced charging documents, investigative reports, an audio CD, prior deportation and conviction documents, and defendant's criminal history rap sheets. To the extent defendant requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules.  Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

### B.    Motion To Preserve Evidence

The Government has made every effort to preserve evidence it deems to be relevant and material to this case.  Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the defendant.  <u>See</u> <u>Illinois v. Fisher</u>, 540 U.S.1174, 124 S.Ct. 1200 (2004) (<u>per</u> <u>curiam</u>); <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57-58 (1988); <u>Downs v. Hoyt</u>, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

### IV

### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT SHOULD BE DENIED.

### A.    Defendant Has Not Demonstrated that the Grand Jury was Misinstructed

Defendant was indicted by the January 2007 grand jury.  Defendant claims that the grand jury was misinstructed in two ways by Judge Burns who gave them their initial instructions: (1) that their singular duty was to make a probable cause determination and therefore had no ability to consider punishment or decline to indict even though the probable cause standard was satisfied; and (2) that the dismissal of two grand jurors from the panel was improper.  (Def.'s Mot. 7-11.)

The Ninth Circuit in <u>United States v. Navarro-Vargas</u>, 408 F.3d 1184 (9th Cir. 2005) (en banc) generally found two grand jury instructions that were similar to those at issue here to be constitutional.  Even assuming some error, both the Supreme Court and the Ninth Circuit have specifically discouraged courts from utilizing their supervisory powers to review grand jury procedures.  <u>See, e.g.</u>, <u>United States v. Williams</u>, 504 U.S. 36, 50 (1992) ("Given the grand jury's operational separateness from its constituting court, it should come as no surprise that we have been reluctant to invoke the judicial supervisory power as a basis for prescribing modes of grand jury procedure"); <u>United States v. Isgro</u>, 974 F.2d 1091 (9th Cir. 1992).

As this Court is aware, this motion has been filed in numerous cases indicted by the January 2007 grand jury.  In <u>United States v. Martinez-Covarrubias</u>, 07CR0491-BTM, Judge Moskowitz recently issued a written opinion denying this same motion to dismiss the indictment.  (<u>See</u> Govt.'s Exh. A attached hereto.)  Judge Moskowitz found that the instructions given by Judge Burns regarding the role of the grand jury were not erroneous.  <u>Id.</u> at 5-10.

//

As there was nothing legally deficient with the instructions given to the January 2007 grand jury panel, defendant's motion to dismiss the indictment on this ground should be denied. Additionally, as defendant has only made a sketch argument challenging the grand jury instructions, the Government requests the right to provide more extensive briefing if the Court so desires.

**B.    Voir Dire Transcript of the Prospective January 2007 Grand Jurors.**

In his moving papers, defendant has requested the voir dire transcript of the prospective 2007 grand jurors. (Def.'s Mot. 11-13.) If the Court feels that production of the transcript is warranted, the Government will produce the transcript in discovery.

**C.    Defendant's Motion to Produce the Grand Jury Transcript Should Be Denied.**

Defendant seeks production of the grand jury transcript yet fails to support his motion with a showing of the requisite need to invade the sanctity of the grand jury's deliberations. (Def.'s Mot. 13-14.) As such, his motion should be denied.

The need for grand jury secrecy remains paramount unless the defendant can show "a particularized need" that outweighs the policy of grand jury secrecy. United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). The grand jury may indict someone based on inadmissible evidence or evidence obtained in violation of the rights of the accused.[2] Tracing the history of the grand jury from English common law, the U.S. Supreme Court has observed that grand jurors were not hampered by technical or evidentiary laws, and traditionally could return indictments based not on evidence presented to them at all, but on their own knowledge of the facts. See Costello v. United States, 350 U.S. 359, 363 (1956). In light of this tradition, the Court held that "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act," and that grand jury indictments could not be challenged based on the insufficiency or incompetence of the evidence. Id.

---

[2] See, e.g., United States v. Mandujano, 425 U.S. 564 (1976) (indictment brought based on evidence obtained in violation of defendant's right against self-incrimination); United States v. Calandra, 414 U.S. 338, 343 (1974); United States v. Blue, 384 U.S. 251 (1966) (indictment brought based on evidence obtained in violation of defendant's right against self-incrimination); Lawn v. United States, 355 U.S. 339 (1958); Costello v. United States, 350 U.S. 359, 363 (1956) ("neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act"); see also Reyes v. United States, 417 F.2d 916, 919 (9th Cir. 1969); Johnson v. United States, 404 F.2d 1069 (9th Cir. 1968); Wood v. United States, 405 F.2d 423 (9th Cir. 1968); Huerta v. United States, 322 F.2d 1 (9th Cir. 1963).

Rather, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." Id. at 409.

In the instant case, there is no extraordinary basis to support defendant's request for grand jury transcripts.

V

**DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

VI

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

**A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1), requests that defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of defendant and which defendant intends to introduce as evidence in her case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom defendant intends to call as a witness.  The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.    Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

6

production of the prior statements of all witnesses, except a statement made by defendant.  The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified.  However, to expedite trial proceedings, the Government hereby requests that defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court.  Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**VII**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that defendant's motions be denied except where not opposed, and the Government's motion for reciprocal discovery be granted.

DATED:    June 23, 2008                    Respectfully submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          /s/ Jeffrey D. Moore
                                          JEFFREY D. MOORE
                                          Assistant U.S. Attorney

08CR1636 BEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr1636 BEN |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| OCTAVIO MORENO-REYNA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Jeffrey D. Moore, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. David Zugman

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 23, 2008.

s/ Jeffrey D. Moore
JEFFREY D. MOORE

08CR1636 BEN